JUN 12 2023 AM 11:18
FILED-USDC-CT-HARTFORD

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

**BENJAMIN LIGERI**

vs

C.A. 3:23-cv-756

**BONZAI, LLC**

## COMPLAINT

### I. PARTIES

1. Plaintiff Ligeri is a natural person resdiing in this State.

2. Defendant Bonzai, LLC is a Texas Corporation.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction because the controversy exceeds $75,000 and the Parties are domiciled in different States. This Court also has jurisdiction under 28 USC §1331 because this case presents federal questions under the Lanham Act (15 USC §§1113 through §1121, inclusive). This Court also has supplemental jurisdiction pursuant to 28 USC §1367 as to related State Law Claims.

4. Defendant is a merchant on Amazon.com. It sells goods throughout the United States as well as within the jurisdiction of Connecticut. In fact, the Defendan's actions as complained of herein satisfy the criteria of CGS §52-59b in that it "...regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4)

owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state."

### III. FACTS COMMON TO ALL COUNTS

5. Plaintiff owns all right, title and interest in the PrimeMed Trademarks (Exhibit A), associated with Serial and Registration Numbers 87-948-887 and 5,669,409 as well as 88-269-466 and 5,833,482, respectively ("Marks"). The assignment of all rights was recorded with the US Trade and Patent Office on or about January 23, 2023 at Reel 7948, Frame 0122.

6. The Parties are both Amazon.com online merchants.

7. The Plaintiff engages, through the use of his Marks the sale of various medical related and outpatient healthcare items, such as medical tubing, creams, bandages, and specific to this case, bariatric socks.

8. The Plaintiff has, in addition to and aside from the use of the Marks, been an active Amazon seller over the last decade though his online stores, which include the PrimeMed Store associated with the Marks.

9. The Marks are associated with the manufacture and sale of bariatric and hospital socks, shipped in packs of three and six.

10. The Defendant, without any right, license or permission, began and has continued to sell the socks on Amazon, and on information and belief, through other online retail platforms through the "Miyago-do" store name

(Exhibit B, Screenshot).

11. The Plaintiff, through Amazon.com, complained about the Defendant's trademark infringement repeatedly over a series of months. The infringement continued anyway, up to the present date of this Complaint. Upon information and belief, the infringement will continue unless or until injunctive relief enters.

12. As of June 2, 2023, the Defendant was still selling and shipping what it purported to be PrimeMed manufactured socks, evidenced by the fact that the Plaintiff was not only able to purchase these through the Defendant's store, but also the fact that they arrived at the Plaintiff's home (Exhibit C, pictures of socks).

13. The socks sold by the Defendant as "PrimeMed" socks are not in fact the same socks associated with the Marks or the quality of product associated with the corporate goodwill of the Marks and the online merchants licensed by the Plaintiff to sell said socks. Rather, the socks sold by Defendant are a knock off, inferior quality version manufactured by Dynarex.

14. Indeed, the sold by the Defendant using the Marks, name and reputation of the Plaintiff's corporate good will do not even look the same. Moreover, the socks manufactured and sold under the PrimeMed brand by the Defendant do not have the same tread pattern designed to prevent slips and falls that socks authorized to be sold under the Marks ordinarily do.

15. PrimeMed socks are also different and distinct from the Defendant's knock

off version in several other distintive ways. They come in single tread and double tread. The socks are also packaged differently in a manner reflective of the Marks. Further, the socks are constantly subjected to quality control, manufacturing and process improvements over a long period of time.

16. The Defendant's infringement of the Marks has caused actual confusion among consumers by its intentional, wilful and deliberate representation that its product, dynarex manufactured socks, are in fact PrimeMed socks. This confusion was created, enabled and achieved by intentionally listing the knock off Dynarex socks in the same platform Plaintiff's products are sold (Amazon.com), in the same category of products, and even in the product description that emphatically stated, "Brand: primemed", even though the Defendant has not acquired PrimeMed socks or acquired Plaintiff's approval via the Amazon process to do so, and in fact has shipped Dynarex or other socks of a lesser or different quality, thus tarnishing the Plaintiff's Marks and associated corporate goodwill.

17. Plaintiff has valid Marks entitled to protection. The Defendant used the same or a similar Marks in commerce in connection with the sale or advertising of goods or services without the Plaintiff's consent.

18. Defendant's use of the marks is likely to cause confusion as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities by Plaintiff.

19. Defendant has placed its counterfeit products, Dynarex and other socks posing as PrimeMed socks, in commerce via the Amazon and other online platforms by advertising by the alleged infringer in more than one state via the internet. This resulted in the interstate movement of goods bearing the infringed Marks from manufacturer to seller. In turn, this sent the counterfeit socks represented as PrimeMed socks from the Defendant's domicile in Texas to Connecticut and to other States.
20. Defendant's Counterfeit socks compete directly with Plaintiff's actual PrimeMed socks on the Amazon platform. Consumers on that platform viewed both Plaintiff's PrimeMed socks and Defendant's counterfeits as directly competing products offered side by side in the same class, category and type of item.
21. Defendant's Counterfeit socks compete directly with Plaintiff's actual PrimeMed socks on the Amazon platform, which is also the same marketing channel.
22. Plaintiff does not, in any way, allows any entity to sell under the PrimeMed marks or brand without specific licensing agreements or advanced knowledge.
23. Plaintiff does not and did not in any way authorize anyone to acquired Dynarex or other socks in the manner Defendant has such to represent other like kinds of product as PrimeMed manufactured socks when they are in fact not.

## IV. SPECIFIC COUNTS
## COUNT ONE: TRADEMARK INFRINGEMENT

24. The Defendant has infringed the marks set forth in ¶5 and described more particularly in Exhibit A by way of the means and methodologies described in ¶¶10, 12-14, 16 and 18-23 herein.
25. In doing so, the Defendant has wilfully or negligently misused, abused and misappropriated the Plaintiff's Marks, likeness of their associated products and their corporate goodwill in order to sell Defendant's products at the direct expense of Plaintiff's sales and profits.
26. As a consequence, the Plaintiff has been damaged.
27. Plaintiff is also entitled to injunctive relief, and lacks an adequate remedy at law in addition to suffering from irreparable harm by virtue of having his Marks infringed.
28. Plaintiff seeks remedies pursuant to 15 USC §§1114, 1116, 1117 and 1125.

WHEREFORE, Plaintiff claims:

A. Costs

B. Damages and Treble Damages per §1117(b)

C. Statutory Damages per §1117(c)

D. Injunctive Relief Against the Acts Complained of

E. An Accounting and Disgorgement of Profits Illegally Obtained by Defendant's Sales of Counterfeit PrimeMed Sock

F. Other Relief the Court Deems Appropriate

## COUNT TWO: CONNECTICUT UNFAIR TRADE PRACTICES ACT, (CUTPA) CGS §42-110g

29. As alleged herein, the Defendant has violated the public policies set forth in the Lanham Act (15 USC §1114 through 1125, inclusive).

30. An act is "deceptive" in violation of CUTPA if (i) it is "a representation, omission, or other practice likely to mislead consumers[;]" (ii) "consumers . . . interpret the message reasonably under the circumstances[;]" and (iii) "the misleading representation, omission, or practice [is] material— that is, likely to affect consumer decisions or conduct." *Caldor, Inc. v. Heslin*, 215 Conn. 590, 597 (1990) (citation omitted).

31. The foregoing willful, intentional, grossly negligent and reckless misconduct is so unfair, burdensome and oppressive that normal members of the public who learned of it would condemn it as unconscionable.

32. The Defendant's conduct also damaged the Plaintiff in the form of lost revenues that would have materialized had they not unjustly enriched itself at the direct expense and detriment to the Plaintiff.

33. None of the things the Defendant has done as alleged herein in direct violation of law and public policy provides any countervailing benefit to consumers or competitors.

34. As a consequence hereof, the Plaintiff suffered ascertainable losses.

35. A copy of this Complaint will be transmitted to the Attorney General.

WHEREFORE, the Plaintiff claims:

A. Costs

B. Damages and punitive damages under CGS §42-110g

C. Other relief the Court deems appropriate

THE PLAINTIFF

Benjamin Ligeri
349 Beach Pond Rd
Voluntown, CT 06384